UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00058-TBR

ANTHONY WALLS                                                                                              PLAINTIFF

v.

CROUNSE CORPORATION                                                                            DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Crounse Corporation's motion for summary judgment. [DN 19.] Plaintiff Anthony Walls responded, [DN 20], and Crounse replied, [DN 21]. Additionally, the Court granted Walls leave to file a sur-reply, which he did. [DN 24; DN 25]. Fully briefed, this matter is ripe for adjudication. For the following reasons, Crounse's motion for summary judgment [DN 19] is DENIED.

**I. Facts and Procedural History**

While onboard the M/V LESLIE M. NEAL, Plaintiff Anthony Walls fell down a flight of stairs and fractured his right ankle. Walls, a crewmember, had just finished soogeying, or mopping, the vessel's second deck. [DN 19-2 at 9.] After spraying the deck down with a water hose to rinse off the excess soap, Walls collected his mop and brush in the soogey bucket and began to walk down a set of steps to a lower level. [*Id.* at 10-11.] He testified during his deposition that the bucket was "too full" of the soapy solution, and that some of the solution had sloshed out of the bucket. [*Id.* at 15-16.] He believes that he stepped in the solution immediately before he slipped and fell. [*Id.* at 16.] As he reached out for the

handrail, Walls' right foot slipped, and he fell down the entire flight of stairs, landing on the bottom deck and fracturing his ankle in the process. [*Id.* at 11-12.] Walls had not yet placed his foot onto the first step when he slipped. [*Id.* at 11.] There were no witnesses to Walls' fall. [*Id.* at 9.]

The parties dispute the cause of Walls' accident. Walls claims that Crounse's vessels, including the M/V LESLIE M. NEAL, only have non-skid surfaces on the lower deck, and that there was no non-skid surfacing on the landing from which he fell. *See, e.g.*, [DN 20-1 at 25-26.] However, Captain Dale Kendall testified that Crounse's policy is to have non-skid paint at the top and bottom of every stairwell, and that non-skid was in fact present. [DN 19-5 at 2.] Additionally, Walls claims that he was wearing Chuck Taylor tennis shoes when the accident occurred because Crounse failed to provide him with the sooging boots he had requested on multiple occasions. [*Id.* at 17-20.] Walls admits, though, that Crounse required crewmembers to have one pair of work boots. [*Id.* at 20.] Walls did not wear his work boots when he soogeyed because he didn't want to get them wet. [*Id.*]

Walls brought suit against Defendant Crounse Corporation, the owner of the M/V LESLIE M. NEAL. *See* [DN 1.] He alleges that Crounse is liable to him under the Jones Act, 46 U.S.C. § 30104, and under a theory of unseaworthiness for requiring him "to soogey without soogey boots on a non-skidless surface which was unreasonably slippery." [*Id.* at 2.] Crounse now moves for summary judgment on

2

both of Walls' claims. *See* [DN 19.] After full briefing, Crounse's motion is ripe for adjudication. *See* [DN 20; DN 21; DN 25.]

## II. Standard of Review

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, Crounse must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of each of Walls' claims. Fed. R. Civ. P. 56(c); see *Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Crounse satisfies its burden of production, Walls "must—by deposition, answers to

3

interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III. Discussion

Crounse is not entitled to summary judgment on either of Walls' claims. Both the Jones Act and the doctrine of unseaworthiness impose a high duty of care upon ship owners with respect to their employees. Under either theory, Walls may prevail against Crounse if he proves that Crounse's failure to apply non-skid paint and to provide him with the appropriate style of boots caused him to fall and break his ankle. Furthermore, Crounse's contentions that Walls' conduct was negligent go only to his comparative negligence, and do not entirely ameliorate Crounse's liability. Because genuine issues of material fact exist as to both of Walls' claims, they must accordingly be submitted to a jury for resolution.

#### A. Jones Act

The Jones Act embodies a "policy of providing an expansive remedy for seamen who are injured while acting in the course of their employment." *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 382-83 (6th Cir. 2008) (quoting *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 447 (6th Cir. 2001)) (internal quotation marks omitted). In pertinent part, it provides a cause of action in negligence for any seaman injured in the course of his employment. *See* 46 U.S.C. § 30104; *see also Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995). "'Proof of negligence (duty and breach) is essential to recovery under the Jones Act,' and an employer's conduct in a

Jones Act case is reviewed 'under the "ordinary prudence" standard normally applicable in negligence cases.'" *Rannals*, 265 F.3d at 447 (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 598 (6th Cir. 2001)). If the seaman is able to establish that the employer acted negligently, then he need only show that the "employer's negligence 'played any part, even the slightest, in producing the injury or death for which damages are sought.'" *Id.* at 447-48 (quoting *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957)). "The obligation of a shipowner to his seamen is substantially greater than that of an ordinary employer to his employees." *Interocean S.S. Co. v. Topolofsky*, 165 F.2d 783, 784 (6th Cir. 1948) (per curiam) (citing *Koehler v. Presque-Isle Transp. Co.*, 141 F.2d 490, 492 (2d Cir. 1944)).

The absence of non-skid paint where it should otherwise be present can give rise to Jones Act liability. For instance, in *Merlino v. U.S. Steel Corp.*, a seaman slipped on a wet deck after the non-skid paint had worn off. *Merlino v. U.S. Steel Corp.*, 52 F.3d 326, 1995 WL 154857, at *1 (6th Cir. Apr. 6, 1995) (unpublished table decision). Reversing the trial court's judgment of a matter of law for the defendant, the Sixth Circuit held, "A reasonable juror could find that the absence of nonskid paint, where it had been applied earlier and was worn away, was a failure to exercise reasonable and ordinary care . . . ." *Id.* at *4. *See also Kratzer v. Capital Marine Supply, Inc.*, 645 F.2d 477, 481 (5th Cir. 1981). An employer's failure to furnish proper footwear may also constitute negligence under the Jones Act. *White v. Rimrock Tidelands, Inc.*, 414 F.2d 1336, 1339 (5th Cir. 1969).

Crounse does not directly challenge this authority. Rather, Crounse argues that it is entitled to summary judgment on Walls' Jones Act claim because Walls' own negligence was the sole cause of his injury. Crounse claims that Walls acted negligently by wearing tennis shoes instead of work boots to soogey the deck, by carrying an overfilled bucket of soapy water, and by failing to mop up the soapy water that sloshed out of the bucket before he proceeded down the steps. [DN 19-1 at 5-6.] In response, Walls contends that because Crounse negligently failed to apply non-skid paint to the landing from which he fell, Crounse's arguments go only to Walls' comparative fault.

Walls has the better of this argument. Crounse is correct in saying that Jones Act liability will not lie where a seaman's own negligence is the sole proximate cause of his injury. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 909 (6th Cir. 2006). "In such cases, the plaintiff does not lose because of his or her contributory negligence but rather because the defendant was not negligent." *Id.* But here, Walls presents two genuine issues of material fact: (1) whether no non-skid surfacing was present at the top of the stairs, and (2) whether Crounse failed to supply him with the soogey boots he requested. A reasonable jury could conclude that these conditions, if they existed, constituted negligence on Crounse's part. It may very well be the case that Walls acted negligently in his own right by carrying an overfilled bucket of soapy water and by wearing tennis shoes instead of his work boots. However, Walls' negligence will not cancel out Crounse's negligence.

*Churchwell*, 444 F.3d at 909 (citing *Ribitzki v. Canmar Reading & Bates Ltd.*, 111 F.3d 658, 662 (9th Cir. 1997)).

Crounse also contends that it cannot be liable because Walls proceeded in the face of a known danger when a safer alternative was available to him. In *Yehia v. Rogue Steel Corp.*, the Sixth Circuit wrote that "[a] seaman may not be denied recovery because he proceeds in an unsafe area of the ship or uses an unsafe appliance in absence of a showing that there was a safe alternative available to him." *Yehia v. Rogue Steel Corp.*, 898 F.2d 1176, 1183 (6th Cir. 1990) (quoting *Tolar v. Kinsman Marine Transit Co.*, 618 F.2d 1193, 1195 (6th Cir. 1980)). Citing *Yehia*, Crounse claims that the inverse must also be true – if Walls knew that the landing, covered in soapy water and lacking non-skid surfacing, was unsafe, and could have remedied the condition by wearing different shoes and mopping up the soap, he cannot recover. Not so. Essentially, Crounse is attempting to argue that Walls assumed the risk of stepping onto a soapy landing that lacked non-skid paint. But "assumption of the risk is not . . . a defense to a seaman's action for personal injury as a result of unseaworthiness or Jones Act negligence." *Burden v. Evansville Materials, Inc.*, 840 F.2d 343, 346 (6th Cir. 1988). The jury is certainly entitled to take into account evidence demonstrating that Walls was partly at fault for attempting to descend the stairs even though he knew the landing was potentially hazardous. *See id.* at 347. But that showing alone cannot function as a complete bar to Walls' recovery. Because genuine issues of material fact exist as to Walls' Jones Act claim, a jury, not the Court, must decide these issues.

B. Unseaworthiness

For many of the same reasons, the Court will also deny Crounse's motion as to Walls' unseaworthiness claim. Often compared to strict liability or no-fault claims, seaworthiness stems from a shipowner's "absolute duty to maintain a seaworthy ship, the breach of which imposes liability without fault." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 602 (6th Cir. 2001) (citing *Brown v. Dravo Corp.*, 258 F.2d 704, 706 (3d Cir. 1958)). To prevail, a plaintiff must show that the vessel upon which he was injured was unseaworthy, and that the vessel's unseaworthy condition was the proximate cause of his injuries. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006). "A vessel is unseaworthy if the vessel and its appurtenances are not 'reasonably fit for their intended use.'" *Id.* (quoting *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960)). An unseaworthy condition "proximately causes an injury if it played a substantial part in bringing about or actually causing the injury and the injury was either a direct result or a reasonably probable consequence of unseaworthiness." *Id.* (internal quotation marks and citations omitted). However, a vessel is not required to be "free from all possibility of mishap, for the seaworthiness of a ship is a relative concept, dependent in each instance upon circumstances." *Perkins*, 246 F.3d at 602.

Just as lack of non-skid paint can give rise to Jones Act liability, so too can its absence constitute an unseaworthy condition. *See, e.g.*, *Hargrove v. Casterline Fish Co., Inc.*, No. V-06-86, 2007 WL 2409749, at *1 (S.D. Tex. Aug. 21, 2007) (citing

8

cases). "Generally, unseaworthiness is a question of fact for the jury and should not be resolved by the district court as a matter of law." *Churchwell,* 444 F.3d at 904. Viewing the evidence in the light most favorable to Walls, a factual dispute exists as to whether the alleged lack of non-skid surfacing on the landing created an unsafe work environment, rendering the M/V LESLIE M. NEAL unfit for its intended purpose. Moreover, the jury may also conclude that the absence of non-skid "played a substantial part in bringing about or actually causing [Walls'] injury[,] and the injury was . . . a reasonably probable consequence of unseaworthiness." *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1463-64 (6th Cir. 1993) (quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988)). Crounse is therefore not entitled to summary judgment on Walls' unseaworthiness claim.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendant Crounse Corporation's motion for summary judgment [DN 19] is DENIED. In accordance with the Court's most recent scheduling order [DN 18], a **telephonic final pretrial conference** shall be held **April 18, 2017** at **12:00 p.m. Central time**. The Court shall place the call to counsel. All other pretrial deadlines shall remain in effect.

CC: Counsel of Record